PATRICK J. DALY & another *vs.* DANIEL L. DEMMON.

Suffolk.    April 2, 1902. — May 23, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Evidence,* Materiality.  *Practice, Civil,* Exception.

In an action by a tenant against his landlord for breach of an alleged agreement to make repairs in a building, a building inspector, called as a witness by the plaintiff, was asked to state, what was the condition as to protection for tenants in the building, and what if anything was required, and, after objection by the defendant, answered " One purpose would require one provision, another purpose would require another." *Held,* that the question was proper, the condition of the premises being material on the question of damages, if for no other reason, and, that the answer obviously was intended as a preliminary statement and in no way could have prejudiced the defendant.

CONTRACT by tenants against their landlord for an alleged breach of an oral agreement to make certain repairs upon the premises. Writ dated June 14, 1901.

At the trial in the Superior Court before *Hardy*, J., the jury returned a verdict for the plaintiffs in the sum of $1,500; and the defendant alleged exceptions.

The ruling requested at the close of the case referred to by the court, and held to have been given in substance, was as follows: " If there was no specific agreement between the parties entered into for specific inside repairs at the time the leasing or contract of lease was made, the presumption of law is that the plaintiffs took the premises in the condition in which they then were."

*J. T. Wilson*, for the defendant.

*I. R. Clark*, for the plaintiffs.

HAMMOND, J.   This is an action to recover damages for the breach of an alleged express agreement to put in ordinary tenantable repair, so that the same could be used for light manufacturing purposes, certain real estate let by the defendant to the plaintiffs.   There was conflicting evidence as to whether such an agreement was made.

1. As to the ruling requested at the close of the case, it is sufficient to say that, although it was not given in the terms requested, it was given in substance.   The jury were expressly told that, in order to recover, the plaintiffs must prove by a fair preponderance of the evidence the express contract upon which they relied ; and that in the absence of an express contract there is no liability upon a landlord to make repairs or to put a tenement in a proper condition for occupancy.   The judge even explained the rule by an apt illustration.   Upon this point the charge was clear, accurate, and unusually full.

2. One Shaw, called by the plaintiffs, after stating that in the performance of his duties as a building inspector in the city of Boston he visited the tenement for the purpose of seeing whether it was occupied, and if so, whether the occupants needed any protection, was asked to state what was the condition as to protection for tenants in the building, and what, if anything, was required, and answered finally that " one purpose would require one provision, another purpose would require another."   To this question and answer the defendant excepted.

The question was certainly proper.   The condition of the premises for any purpose was material on the question of dam-

ages, if for no other reason.  Between the time the question was
first put and the time of the answer, a colloquy as to its admis-
sion took place between the counsel and the judge, by which the
attention of the witnesses apparently was somewhat distracted,
and so the answer was not very direct.  It is plain that it was
intended simply as a preliminary statement, and one cannot
conceive how it could in any way have been prejudicial to the
defendant.

*Exceptions overruled.*